The two causes of action are entirely different in form and character.

We are of the opinion that the trial judge properly directed a verdict for the defendant, and the judgment should be affirmed, with costs.

Newburger, J., concurs.
Judgment affirmed, with costs.

---

Samuel F. Meyers et al., Respondents, *v.* Johanna Kasten, Appellant.

(City Court of New York — General Term, June, 1894.)

One who takes a promissory note in the ordinary business way for value before maturity, and without notice as to its origin, is a *bona fide* holder, and entitled to recover thereon without regard to equities between the original parties thereto.

A transfer of a note by an intermediate indorser carries with it a guaranty of its genuineness and validity, legal title and payment on presentation and demand at maturity.

APPEAL from judgment entered upon a verdict by direction of the court, and from an order denying a new trial.

*Nichols & Bacon,* for appellant.

*Einstein & Townsend,* for respondents.

CONLAN, J. The defendant is sued as indorser of two promissory notes made by one Adolph Hess, payable to his own order and indorsed by himself, the defendant and others, and delivered to the plaintiffs before maturity.

The notes are each dated January 4, 1894, the first being for $143.92, payable one month after date at the Ninth National bank, New York city; the other for a like amount, due two months after date and payable at the same bank.

The complaint is in the usual form, and alleges the making and delivery and indorsement of the notes for value before maturity, presentation, nonpayment, protest and notice, and that the plaintiffs are the lawful owners, and the amount due thereon, with interest and protest fees.

The defendant seeks to avoid liability by an allegation that the notes were given without consideration and indorsed by her without consideration, and before delivery and before the legal inception thereof.

The cause was tried before a jury and a verdict directed for the plaintiff at the close of all the evidence.

The plaintiffs' evidence is that the notes in question came to them in the ordinary business way for value without notice of their origin.

An intermediate indorser and holder for value, Ludwig Hess, negotiated the notes to the plaintiffs, and at the time they bore the indorsements of, first, the defendant; second, the Manhattan Watch & Jewelry Company, and, third, the negotiator, Ludwig Hess.

The delivery of the notes to the plaintiff by Ludwig Hess, so indorsed, carried with it a guaranty of their genuineness,

their validity, legal title and payment on presentation and demand at maturity.

The defendant was a second indorser, her name appearing in that capacity on the back of the notes at the time of their transfer to the plaintiffs, and the plaintiffs obtained title from a subsequent indorser without notice and before maturity, and on this evidence the plaintiffs were entitled to recover.

If there is anything in the answer or defense of the defendant upon which a recovery in her favor could be predicated, there is no proof that the plaintiffs were in any way advised of the same.

The allegations in the complaint are sufficiently broad to entitle the plaintiffs to recover if the proof adduced sustains them.

The notes upon their face state that they are made for value, and they are alleged to have been made and delivered and indorsed by the defendant before maturity and for value, and the complaint is free from demurrer.

We have already seen that the evidence warrants the verdict, and the direction of the court was not error.

The judgment should be affirmed, with costs.

FITZSIMONS and NEWBURGER, JJ., concur.

Judgment affirmed, with costs.